## CITY MAGISTRATES' COURT—NEW YORK,

### December, 1913.

# THE PEOPLE v. HARRY E. GERHARD.

MOTOR VEHICLE LAW—LAWS 1911, CH. 491, SEC. 289.

> One who operates an automobile in connection with a business of receiving and transporting, for pay, parcels and other merchandise is thereby constituting a chauffeur under chap. 374, Laws 1910, and is required to wear a chauffeur's badge, even though he is one of the owners of the motor car.

FRESCHI, City Magistrate:

The Public Parcels Service, a co-partnership, of which firm the defendant Harry E. Gerhard and another are members, used an automobile delivery wagon in connection with its business of receiving and transporting *for pay* parcels and other merchandise.

The defendant, who operated the automobile in one of the public highways of New York City and who admits that the automobile was used by him for hire in the business of the firm, was summoned, charged with a violation of section 289, chapter 374, Laws of 1910 (Motor Vehicle Law, as amended by chap. 491 of the Laws of 1911) in that he was not a licensed driver as required by law, and that he failed to wear, pinned conspicuously on his clothing, a chauffeur's badge, which is a requirement of the law. The facts are not in dispute. The question of the law raised presents a novel question. Can the defendant, one of the owners of the motor car in question, be held as an unlicensed chauffeur? Section 281 of the Motor Vehicle Law (supra) defines a chauffeur as follows:

" The term ' chauffeur ' shall mean any person operating and driving a motor vehicle as an employee or *for hire.*"

I am of the opinion that the defendant's case comes clearly within the meaning of this statute, and his acts in operating and driving a motor car, in collecting parcels and transferring them in what seems to be an express or delivery business for hire, constitute him a chauffeur as such term is used in that statute. I can see no difference in principle between the individual who owns a motor car and operates it in public places in his business of soliciting and carrying passengers for pay and the operator who drives his motor vehicle in conveying personal property from place to place for pay. Men who constantly use motor vehicles in their business and who carry either persons or property must out of necessity use the city highways in their business, and therefore they ought to be certified by the State under its license to be competent drivers. The fundamental idea of this law is the safety and security of the public.

It being admitted that the defendant is not a licensed driver, and he having entered his plea of " not guilty," I deem that a case has been made out, which makes it imperative for me to hold the defendant for trial.

Ordered accordingly.